# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN HOYE, | Civil Action No. 2: 17-cv-00452 |
| Plaintiff, | United States District Judge |
| v. | Nora Barry Fischer |
| SCI CAMP HILL PRISON, et al, | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I.     Recommendation**

Upon review of the Complaint, and pursuant to the screening requirements for litigants proceeding *in forma pauperis*, the Court recommends sua sponte dismissal of the Complaint before service because the action is frivolous.

**II.    Report**

    A.    <u>Procedural Background</u>

Plaintiff, Nathan Hoye, a very litigious prisoner,[1] now seeks to file yet another prisoner civil rights suit naming nine defendants, six of whom appear to be either employed or agents of the DOC or the corporate health care providers; SCI Camp Hill, Holy Spirit Hospital,[2] and SCI Greene Medical Staff. Plaintiff is proceeding *pro se* and his Motion for Leave to Proceed *In*

---

[1]    Since January of 2017, Hoye has filed eleven separate lawsuits in this District alone.

[2]    Plaintiff has been advised in at least two of his prior lawsuits, that events which occurred outside the Western District of Pennsylvania must be brought in new and separate lawsuits filed in those districts.

1

*Forma Pauperis* ("IFP") has been granted. Service of process has not yet been made on defendants.

The Court must now review the Complaint pursuant to 28 U.S.C. 1915(e)(2)(B) and § 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

B. <u>Legal Standard</u>

The Court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).

Plaintiff's Complaint must be reviewed in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub.L. No. 104–134, 110 Stat. 1321 (1996). In the PLRA, Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. *See Santana v. United States,* 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, the screening provisions of the PLRA apply. *See* 28 U.S.C. §

2

1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6)[3] if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (footnote omitted).

B. <u>Plaintiff's claims</u>

In his Complaint, Hoye alleges, *inter alia*, that he has a living mouse inside his body which is causing him continual pain. As relief, he seeks monetary damages as well as a Court Order requiring that he be taken to a hospital for a "full body MRI scan to locate this mice (sic),

---

[3] In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir.), *cert. denied*, 565 U.S. 1099 (2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

tapeworm and get it remove[d] out of my body." Complaint, at ¶ V. The Court notes that these claims are almost identical to those raised by Plaintiff in Civil Action No. 17-cv-00162.

The United States Supreme Court has explained that a claim is frivolous within the meaning of 28 U.S.C. § 1915(e) if the claim lacks an arguable basis either in law or in fact. *See Neitzke,* 490 U.S. at 325. Section 1915(e)'s term "frivolous," when applied to a complaint, embraces not only inarguable legal conclusions but also fanciful factual allegations. *Id.* The statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to dismiss those claims whose factual contentions are clearly baseless. *Id*.

This Court finds that Plaintiff's allegations that he has a living mouse inside his body are fanciful, fantastic, and/or delusional. Accordingly, the Court recommends that the Complaint should be dismissed as frivolous.

    C.    <u>Leave to File Amended Complaint Would Be Futile</u>

The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors,* Inc., 482 F.3d 247, 251 (3d Cir. 2007).

Given that Plaintiff's claims are frivolous, the Court recommends that leave to amend be denied as it would be futile for Plaintiff to amend his claims.

### III. Conclusion

For the reasons set forth herein, it is respectfully recommended that the Complaint be dismissed as frivolous pursuant to the screening provisions of the PLRA.

Plaintiff is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file written objections to this Report and Recommendation by May 1, 2017. Plaintiff cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

                                                        s/ Cynthia Reed Eddy
                                                        Cynthia Reed Eddy
                                                        United States Magistrate Judge

Dated: April 13, 2017

cc:    NATHAN HOYE
       LZ-6846
       1100 Pike Street
       Huntingdon, PA 16654
       (via U.S. First Class Mail)